IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARTURO TORRES,

    Plaintiff,

    v.                                                                          No. CIV 14-0977 MCA/GBW

TIMOTHY GARNER, DEPUTY DISTRICT ATTORNEY,
GEORGE ZSOKA, D.D.A.,
STATE OF NEW MEXICO,

    Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, the complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts that the individual Defendants caused Plaintiff to be illegally sentenced. Specifically, Plaintiff alleges that he was given an enhanced sentence for prior violent felonies and as an habitual offender, even though he had no prior felony convictions. He contends, therefore, that his sentence violates his rights under the Fourth and Fourteenth Amendments. Plaintiff makes no allegations against the named Defendant State of New Mexico. The complaint seeks damages.

The complaint names New Mexico Deputy District Attorneys Garner and Zsoka as Defendants. These Defendants are immune to Plaintiff's claims in this § 1983 action. As the Supreme Court ruled in *Imbler v. Pachtman*, 424 U.S. 409 (1976), "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* at 431; *and see Kersh v. Richardson*, 466 F. App'x 718, 720 (10th Cir. 2012). Because Plaintiff makes no allegations these prosecutors' actions were taken outside the state's prosecution of the criminal proceeding against him, the Court will dismiss his claims against the individual Defendants.

To the extent Plaintiff seeks relief under 42 U.S.C. § 1983 against the named Defendant State of New Mexico, his claims are precluded by the terms of the statute. "[N]either [the state nor its agencies] "are 'persons' within the reach of § 1983. In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69-70 (1997); and citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)). The Court will dismiss Plaintiff's claims against Defendant State of New Mexico.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE